Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Nadia GEOGDZHAEVA, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, et al.,**
**Respondents.**

No. 06–2828–ag.

United States Court of Appeals, Second Circuit.

Aug. 17, 2007.

Lawrence Spivak, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Patricia A. Smith, Senior Litigation Counsel, John W. Blakeley, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, District of Columbia, for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Nadia Geogdzhaeva, a native and citizen of Ukraine, seeks review of a May 16, 2006 order of the BIA denying her third motion to reopen. *In Re Nadia Geogdzhaeva,* No. A73 598 110 (B.I.A. May 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations state that motions to reopen must be filed within 90 days of issuance of the "final administrative decision." 8 C.F.R. § 1003.2(c)(2). The BIA issued its final order of removal in January 2003, yet Geogdzhaeva did not submit her third motion to reopen until November 2005, well beyond the 90–day filing deadline. Accordingly, the BIA did not abuse its discretion in finding that Geogdzhaeva's motion was untimely. The regulations provide for several exceptions to the 90–day filing deadline and numerical limitation, including motions filed pursuant to "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). The regulations also specify that an alien seeking to reopen her removal proceedings must present evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1).

In her third motion to reopen, Geogdzhaeva argued that conditions for Jews in Ukraine had changed such that her eligibility for asylum had been affected. Although she did not directly challenge the IJ's initial adverse credibility determination in her motion, she submitted an affidavit from a friend in attempt to rebut the underlying credibility finding. As the BIA noted, any challenge to the adverse credibility determination was untimely and had been previously rejected in Geogdzhaeva's initial appeal to the BIA. Because Geogdzhaeva did not file a petition for review challenging the IJ's adverse credibility determination, which called into question her fundamental claim that she was Jewish, it remains in effect. Accordingly, even if Geogdzhaeva did present previously unavailable evidence of materially changed circumstances for Jews in Ukraine, the adverse credibility determination prevents her from establishing a *prima facie* case for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Thus, the adverse credibility finding is dispositive of the denial of her motion to reopen. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005).

Lastly, despite Geogdzhaeva's arguments to the contrary, since she did not assert an ineffective assistance of counsel claim in the motion to reopen that is before this Court, we cannot review that claim. *Ke Zhen Zhao,* 265 F.3d at 90.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-

NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).